IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MAURICE TYREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 14-2476-STA-dkv |
| | ) |
| U.S. BANK, NA | ) |
| and JOHN DOES 1-5, | ) |
| | ) |
| Defendants. | ) |
| | ) |

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS
_____

On June 20, 2014, the plaintiff, Maurice Tyree ("Tyree"), filed a *pro se* Complaint against U.S. Bank, NA ("U.S. Bank") and John Does 1-5, (Compl., ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) On June 23, 2014, the court entered an order granting Tyree leave to proceed *in forma pauperis*, (ECF No. 5), and an order to issue and effect service of process on the defendant U.S. Bank, (ECF No. 6).

Now before the court is the July 10, 2014 motion filed by U.S. Bank seeking to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot.

to Dismiss, ECF No. 9.) Tyree filed a response to the motion to dismiss on August 8, 2015, (Pl.'s Resp., ECF No. 11),[1] to which U.S. Bank replied on August 19, 2014, (Def.'s Reply, ECF No. 12).

For the reasons that follow, the court recommends that U.S. Bank's motion be granted in full and that Tyree's claims be dismissed.

## I. PROPOSED FINDINGS OF FACT

Tyree's complaint, entitled "Consumer Dispute of Allege Debt," alleges that U.S. Bank violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Tennessee Consumer Protection Act ("TCPA"). (Compl. ¶ 1, ECF No. 1.) In his difficult-to-decipher complaint, Tyree appears to be complaining of a collection process undertaken by U.S. Bank to collect a debt owed by Tyree.

---

[1] In his response to the U.S. Bank's motion to dismiss, Tyree included more facts in support of his claims as well as new allegations against Wilson & Associates, PLLC ("Wilson & Associates"), which was not a party to the original action. (*See* Pl.'s Resp., ECF No. 11.) The court is limited to the facts and legal claims as raised in the pleadings; as a result, the additional facts and the new claims asserted in Tyree's response to the motion to dismiss are not part of the lawsuit and the court will not consider them. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012)(citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")).

According to the complaint, U.S. Bank has violated the FDCPA and TCPA by "repeatedly harassing Plaintiff in attempts to collect alleged debt." (*Id.* ¶ 3.) Tyree asserts that U.S. Bank is a debt collector as defined by 15 U.S.C. § 1692a(6), (*Id.* ¶ 8), and that the debt is "due to a creditor other than Defendants," (*Id.* ¶ 11). The debt in question is "'household debt' as that term is defined by 15 U.S.C. § 1692a(5)," (*Id.* ¶ 20), and it "arises from a transaction in which money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes," (*Id.* ¶ 11).

According to the complaint, U.S. Bank has attempted to collect this debt from Tyree "by use of the mails and telephone." (*Id.* ¶ 8.) Further, "in connection with the collection [of the] alleged debt, Defendants sent written communications to Plaintiff on Dates June 24, 2013, November 7, 2013, January 17, 2014 and June 6, 2014." (*Id.* ¶ 13.) In these written communications, U.S. Bank provided Tyree "with the disclosures required pursuant to 15 U.S.C. § 1692g(a)(4) and 1692g(a)(5) in a confusing and improper manner." (*Id.*) Tyree states that "Plaintiff shall be deemed a request/demand for 'verification' and debt validation request as defined by 15 U.S.C. § 1692(g)(1)(2)(5)(b)." (*Id.* ¶ 15.)

The complaint further states that Tyree "disputes the alleged debt Defendant claims," (*Id.* ¶ 14), he "dispute[s] . . . the identity of the true owner (if any) of this alleged debt, the alleged amount due and owing," (*Id.* ¶ 16), and he disputes "all signatures appearing on defendants [sic] unauthenticated hearsay documents and the defendants [sic] alleged authority and capacity to collect and or sue on behalf of the same," (*Id.* ¶ 17). In his prayer for relief, Tyree requests damages for anxiety, fear, nervousness, worry, embarrassment, humiliation, inability to concentrate and perform his job, insomnia, night sweats, and stress incurred by children. (*Id.* at 4.) Tyree also requests for an award for "reasonable attorneys' fees and costs incurred in this action." (*Id.*) Tyree demands a jury trial. (*Id.*)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Tyree's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

4

face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th

Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. <u>Tyree's Claim Under the Fair Debt Collections Practices Act</u>

U.S. Bank asserts that Tyree has failed to identify any FDCPA provisions which he believes are violated, has failed to identify any wrongful actions on the part of U.S. Bank, and overall has failed to provide any factual allegations in support of his FDCPA claim. (Def.'s Mem. in Supp. of Mot. to Dismiss 6–7, ECF No. 9-1.)

6

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). When collecting a debt, a debt collector may not: (1) "harass, oppress, or abuse any person," 15 U.S.C. § 1692d; (2) use any "false, deceptive, or misleading representation or means in connection with the collection of a debt," 15 U.S.C. § 1692e; or (3) "use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692d. The Sixth Circuit analyzes whether a debt-collector's practice is deceptive "using the least-sophisticated-consumer test, which is 'designed to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 601 (6th Cir. 2009)(quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008)).

Among the enumerated illegal practices are: (1) "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;" (2) continuing to communicate with a consumer following a written request to stop communication subject to certain exceptions; (3) falsely representing "the character, amount, or legal status of any debt;" (4) "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a

7

disputed debt is disputed;" and (5) collecting any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *See* 15 U.S.C. §§ 1692c-1692f.

The prohibitions of the FDCPA cover debts which arise out of transactions primarily for personal, family, or household purposes. *See* 15 U.S.C. § 1692a(5). Further, to be held liable under the FDCPA, a defendant must be a "debt collector" within its meaning. A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A creditor, on the other hand, is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). It is well-settled that "a creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 735 (6th Cir. 2007) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)).

The FDCPA requires a debt collector to send the consumer an initial written *notice* containing the amount of the debt, the name of the creditor to whom the debt is owed, and statements of

consumer's rights to request verification of the debt. 15 U.S.C. § 1692g(a)(emphasis added). Once the consumer receives the initial notice, he may send a written request for verification of the debt, which the debt collector must respond to by obtaining and mailing to the consumer *verification* of the debt or a copy of a judgment against the consumer. 15 U.S.C. § 1692g(b)(emphasis added).

In the instant action, Tyree alleges that the debt was owed to a creditor other than U.S. Bank, and that U.S. Bank is a debt collector, and thus U.S. Bank is subject to the FDPCA. However, Tyree does not identify the original creditor and he sets forth no facts to support the allegation that U.S. Bank is a debt collector. Further, Tyree only alleges that the debt is a "household debt," but does not otherwise identify what specific debt is at issue.

Further, Tyree alleges that U.S. Bank harassed Tyree in attempts to collect a debt, (Compl. ¶ 3, ECF No. 1); however, Tyree's complaint is devoid of any facts in support of a plausible harassment claim under the FDCPA. *See* 15 U.S.C. § 1692d. Tyree does not allege that U.S. Bank engaged in use of violence, use of obscene language, repeatedly called Tyree with intent to harass him, or used means to coerce payment of the debt. *See id.* (listing the types of practices that constitute harassment under the FDCPA). Because Tyree has failed to allege

factual circumstances that would constitute harassment, the court recommends that Tyree's FDCPA claim based on harassment be dismissed.

Additionally, Tyree attempts to invoke a violation of 15 U.S.C. § 1692g by stating that U.S. Bank provided Tyree with disclosures pursuant to this statute in a "confusing and improper manner." (Compl. ¶ 13, ECF No. 1.) It is unclear whether Tyree is asserting deficiencies in U.S. Bank's initial notice to Tyree or U.S. Bank's response to Tyree's request for verification of the debt.[2] Tyree states that U.S. Bank communicated with him on four different occasions in which it provided Tyree with the required disclosures. (*See id.*) Tyree merely claims, without elaborating, that these disclosures were made "in a confusing and improper manner." (*Id.*) Moreover, Tyree does not attach the U.S. Bank's letters that provided the disclosures required by 15 U.S.C. § 1692g. Tyree's blanket allegations are unsupported by facts or documentation to show how U.S. Bank has violated either the initial notice requirement of 15 U.S.C. § 1692g(a) or the verification requirements of 15 U.S.C. § 1692g(b).

---

2  Tyree first asserts that the disclosures that U.S. Bank provided pursuant to 15 U.S.C. § 1692g(a)(4) and (a)(5) were "confusing and improper," (Compl. ¶ 13, ECF No. 1.) However, in a later paragraph, Tyree ambiguously refers to a "debt validation request" pursuant to 15 U.S.C. § 1692g(b). (*Id.* ¶ 15.)

To the extent that Tyree is alleging that U.S. Bank's "confusing and improper" disclosures constitute "false, deceptive or misleading representation" under 15. U.S.C. § 1692e, Tyree fails to put forth any facts to suggest that U.S. Bank's letters were deceptive or misleading. Tyree does not claim, and there are no allegations on the face of his complaint, that U.S. Bank made false representations of the character or amount of the debt, engaged in coercive tactics or threats, or used deceptive means to collect the alleged debt. *See* 15 U.S.C. § 1692e (listing the types of practices that constitute a violation of this section). The complaint does not allege sufficient facts to put U.S. Bank on notice of any violation of the FDCPA, therefore, the court dismisses Tyree's FDCPA claims for failure to state a claim for which relief may be granted.

C.  Tyree's Claim Under the Tennessee Consumer Protection Act

In addition to the FDCPA action, Tyree states that U.S. Bank violated the TCPA. (Compl. ¶ 1, ECF No. 1.) Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "'[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009)

(quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)). Tyree's FDCPA action is the only cause of action that this court has original jurisdiction over,[3] and because the court dismissed Tyree's FDCPA claims, the court declines to exercise supplemental jurisdiction over the TCPA claim. Accordingly, the court recommends that Tyree's TCPA claim be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that U.S. Bank's motion to dismiss be granted in full, and that Tyree's claims be dismissed for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction.

Respectfully submitted this 12th day of September, 2013.

s/ Diane K. Vescovo_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

---

[3] Tyree has not met his burden to plead diversity jurisdiction. Federal courts are courts of limited jurisdiction and as a result, "'[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010)(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Tyree does not assert that the court has diversity jurisdiction under 28 U.S.C. § 1332 and Tyree's complaint does not contain any facts to establish the citizenship of the parties or the amount in controversy. Tyree has failed to meet this burden, therefore, the court does not have diversity jurisdiction over this case.

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.