IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MAURICE TYREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-2476-STA-dkv |
| | ) | |
| U.S. BANK, NA, and | ) | |
| JOHN DOES 1–5 | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE MAGISTRATE'S ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND HIS COMPLAINT AND
DENYING THE PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S
RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS**

Two matters are before the Court. The first is the United States Magistrate Judge's Report and Recommendation that Defendant's Motion to Dismiss for Failure to State a Claim be granted, entered October 12, 2014. (ECF No. 13). The Plaintiff filed an Objection to the Magistrate's Report and Recommendation on October 28, 2014. (ECF No. 16). The Defendant filed a Reply to that Objection on November 12, 2014. (ECF No. 18). Meanwhile, on November 5, 2014, the Plaintiff filed a Motion for Leave to File an Amended Complaint. (ECF No. 17). The Defendant opposed this Motion (ECF No. 19), and the Magistrate subsequently entered an order denying the Motion. (ECF No. 21). The second matter before the Court, then, is the Plaintiff's Appeal of the Magistrate's Order Denying the Motion for Leave to File an Amended Complaint. (ECF No. 22). For the reasons stated below, the Court **ACCEPTS** the Magistrate's Report and Recommendations to grant the Defendant's Motion to Dismiss and

1

**DENIES** Plaintiff's objections to the Magistrate's Order Denying the Motion for Leave to File an Amended Complaint. The Plaintiff's claims are **DISMISSED**.

## STANDARD OF REVIEW

For dispositive motions, the district court has the authority to "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion."[1] After receiving objections to a magistrate judge's report and recommendation, a district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[2] The district judge applies a de novo standard to "any part of the magistrate judge's disposition that has been properly objected to."[3] For nondispositive motions, the district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before a court." The Court then "must consider timely objections and modify or set aside any part of the order [on a nondispositive matter] that is clearly erroneous or is contrary to law."[4]

Here, the Magistrate's Order Granting Defendant's Motion to dismiss is dispositive. Therefore, any part of the order to which the Plaintiff has properly objected is entitled to de novo review. The Sixth Circuit has not addressed whether a motion to amend is a dispositive or

---

[1] 28 U.S.C. § 636(b)(1)(B).

[2] Fed. R. Civ. P. 72(b)(3).

[3] *Id.*

[4] Fed. R. Civ. P. 72(a).

nondispositive motion.[5] Under either standard of review—de novo or clearly erroneous and contrary to law—the Court would not sustain Plaintiff's objections to the Magistrate's Order Denying his Motion to Amend. Plaintiff's objections to both the Report and Recommendation and the Order Denying his Motion for Leave to Amend give the Court no real notion as to which portions of the orders he objects to. At certain points, Plaintiff has lifted material from various briefs and opinions—unrelated to this case—and placed them into his memoranda. Interspersed between these recitations are brief, conclusory statements that rarely object to specific findings or legal conclusions of the Magistrate's opinions. Nevertheless, the Court reviewed every document submitted by Plaintiff in an attempt to decipher the objections and, in an abundance of caution, analyzes each claim below.

## DISCUSSION

### I. Motion to Dismiss

Plaintiff Maurice Tyree filed a pro se Complaint against Defendant U.S. Bank, NA, and John Does 1–5. (ECF No. 1). The case was referred to the Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013). On July 10, 2014, U.S. Bank filed a Motion to Dismiss the complaint in accordance with Federal Rule of Civil Procedure ("Rule") 12(b)(6), and Tyree responded to that Motion. The Magistrate Judge applied the correct legal standard to the Motion to Dismiss and issued a Report and Recommendation to grant the Motion. (ECF No. 13).

---

[5] *Compare Grand Rapids Auto Auction, Inc. v. Nat'l City Bank of Ind.*, No. 02-cv-147, 2003 U.S. Dist. LEXIS 10601, at *2 n.1 (June 13, 2003) ("In spite of the weight of precedent in other circuits deeming such motions to be non-dispositive, this Court will treat the instant motion as dispositive for purposes of review for a few reasons."), *with Mills v. Cnty. of Lapeer*, No. 09-14026, 2011 U.S. Dist. LEXIS 16030, at *13 (E.D. Mich. Feb. 17, 2011) ("A motion to amend is a non-dispositive motion, and therefore the 'clearly erroneous' and 'contrary to law' standards govern the Court's review of the Magistrate Judge's denial of Plaintiffs' First Motion to Amend.").

3

**A. The Magistrate's Report and Recommendation**

The Magistrate explained that in Plaintiff's Complaint, he alleged that U.S. Bank violated the Fair Debt Collection Practices Act ("FDCPA") and the Tennessee Consumer Protection Act ("TCPA") by "repeatedly harassing Plaintiff in attempts to collect alleged debt." (Pl.'s Compl. ¶ 3).[6] This debt, although unknown, is allegedly a "household debt" as defined by 15 U.S.C. § 1692a(5) and "arises from a transaction in which money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes." (*Id.* ¶ 11). Plaintiff asserted that U.S. Bank is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and that the debt is "due to a creditor other than Defendants." (*Id.* ¶ 11).

Tyree alleged that "Defendants sent written communications to Plaintiff on Dates June 24, 2013, November 7, 2013, January 17, 2013, and June 6, 2014" and that U.S. Bank provided Plaintiff "with the disclosures required pursuant to 15 U.S.C. § 1692g(a)(4) and 1692g(a)(5) in a confusing and improper manner." (*Id.* ¶ 13, 15). Tyree "disputes the alleged debt Defendant claims," (*Id.* ¶ 14), "dispute[s] . . . the identity of the true owner (if any) of this alleged debt [and] the alleged amount due and owing," (*Id.* ¶ 16), and disputes "all signatures appearing on defendants [sic] unauthenticated hearsay documents and the defendants [sic] alleged authority and capacity to collect and or sue on behalf of the same." (*Id.* ¶ 19).

**B. Review**

The Magistrate correctly began her discussion by analyzing the statute under which Tyree attempted to make his claim. The Magistrate explained that

---

[6] After determining that Tyree's Complaint failed to state a claim under the FDCPA, the Magistrate declined to exercise supplemental jurisdiction over the TCPA claim. The Magistrate did consider the TCPA claim in her Order Denying the Plaintiff's Motion for Leave to File Amended Complaint, and therefore, this Court addresses the substance of that claim in the next section.

4

> Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). When collecting a debt, a debt collector may not: (1) "harass, oppress, or abuse any person," 15 U.S.C. § 1692d; (2) use any "false, deceptive, or misleading representation or means in connection with the collection of a debt," 15 U.S.C. § 1692e; or (3) "use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692d.[7]

She also accurately set forth the standard for whether a debt collector's practice is deceptive: the least-sophisticated-consumer test.[8] The most crucial distinction for liability under the statute for purposes of the Defendant's Motion to Dismiss, however, is between the FDCPA's definitions of "debt collector" and "creditor." Only debt collectors may be held liable under the statute: it is "'well-settled' that 'a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.'"[9] A debt collector is

> any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include—
> . . .
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns

---

[7] Magistrate's Report and Recom. on Def.'s Mot. to Dismiss 7, ECF No. 13.

[8] *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 601 (6th Cir. 2009) (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008)).

[9] *MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 735 (6th Cir. 2007) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)).

> a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.[10]

A creditor, on the other hand, is an entity that "offers or extends credit creating a debt or to whom a debt is owed, but . . . does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."[11] U.S. Bank cannot be both a "debt collector" and a "creditor" as to the specific debt:[12] "For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired."[13] Even if U.S. Bank was not the originator of the debt, it could only be a "debt collector" for purposes of the statute if it acquired the debt when it was already in default.[14] Thus, Tyree needed to allege facts—not legal conclusions—showing that U.S. Bank was a debt collector rather than a creditor.[15] He has not done so.

---

[10] 15 U.S.C. § 1692a(6), (6)(f).

[11] *Id.* § 1692a(4).

[12] *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 359 (6th Cir. 2012) (citing *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007)).

[13] *Id.*

[14] *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

[15] *See Dunn-Mason v. JP Morgan Chase Bank Nat'l Ass'n*, No. 11-13419, 2013 U.S. Dist. LEXIS 157702, at *36 (E.D. Mich. Sept. 25, 2013) (citing *Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 U.S. Dist. LEXIS 32897, at *14 (W.D. Mich. Mar. 11, 2011)).

Tyree simply states that "Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6)."[16] He does not allege any specific debt that U.S. Bank actually owns, the original creditor of the debt (if an entity other than U.S. Bank), the point at which the U.S. Bank became the holder of the debt, or whether, at that time, the debt was in default.[17] Therefore, Tyree has pleaded no set of facts that would make U.S. Bank a debt collector with respect to the alleged debt. Unlike other plaintiffs who successfully pleaded FDCPA claims, this Plaintiff has not even attempted to plead facts which raise any inference that the alleged debt was in default at the time U.S. Bank became its holder or that U.S. Bank treated the debt as if it were in default from the time it began servicing the debt.[18] The Magistrate's recommendation on this issue is adopted.[19]

The Magistrate then discusses the specific FDCPA violations alleged in Tyree's Complaint. The Magistrate found that Tyree's complaint is devoid of any facts in support of a plausible harassment claim under 15 U.S.C. § 1692d. Furthermore, Tyree alleged that U.S. Bank provided him with disclosures in a "confusing and improper manner" in violation of 15 U.S.C. § 1692d and that the disclosures constitute "false, deceptive or misleading representation" under

---

[16] Pl.'s Compl. ¶ 8, ECF No. 1.

[17] As a whole, the Complaint is almost impossible to decipher because Tyree discusses amounts of a debt he may owe while simultaneously denying that he owes any debt to anyone. Furthermore, he does not allege whether U.S. Bank is the originator of the debt or whether U.S. Bank was assigned the debt—if the debt exists.

[18] *See, e.g.*, *Castellanos v. Deutsche Bank*, No. 11-815, 2012 U.S. Dist. LEXIS 93455, at *21–23 (S.D. Ohio July 6, 2012) (reciting plaintiff's factual allegations, which included the date of default and date of assignment to defendant bank, giving rise to an inference for the plaintiff).

[19] The Magistrate did not address the fact that the "debt-collecting" in this case appears to be the initiation of a non-judicial foreclosure proceeding. After reviewing a plethora of case law, the Eastern District of Tennessee held that "it would seem clear that foreclosing on a security interest is not actionable under section 1692e because it is not a 'means' made 'in connection with the collection of any debt.'" *Stephens v. Bank of Am.*, No. 12-53, 2012 U.S. Dist. LEXIS 135250, at *16–20 (E.D. Tenn. Sept. 21, 2012).

15 U.S.C. § 1692e. But again, the Complaint fails to allege any facts supporting these legal conclusions, does not satisfy Rule 8(a), and cannot withstand a motion to dismiss.

**II. Motion for Leave to Amend**

Tyree filed his Motion for Leave to File an Amended Complaint on November 5, 2014. The Defendant opposed the Motion on the grounds that the proposed amendments are futile, and the Magistrate denied the Motion on that basis. In his proposed amended complaint, Tyree sought to add two additional causes of action to his original FDCPA and TCPA claims: (1) a claim for violation of the Fair Credit Reporting Act ("FCRA"), and (2) a state common-law claim for "Negligent, Wanton and/or Intentional Hiring and Supervision of Incompetent Employees or Agents." The Magistrate correctly set forth the law on futile amendments: a motion for leave to amend may be denied for futility if the pleading as amended could not withstand a motion to dismiss.[20] Here, the Court reviews the Magistrate's decision on each claim.

### A. Violation of the Fair Credit Reporting Act

The Court adopts the Magistrate's findings and conclusions as to the Plaintiff's claim under the FCRA. Tyree asserted in his proposed amended complaint that U.S. Bank is a "credit furnisher" within the meaning of 15 U.S.C. § 1681a(c) of the FCRA and that "[p]laintiff [sic] consumer credit report is a consumer report within the meaning of 15 U.S.C. § 1681a(d)."[21] He further alleges that he "has been significantly harmed by defendant due to erroneous reporting of the alleged debt," and "has suffered damages that led to multiple denials of credit," all in

---

[20] *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (citation omitted).

[21] Pl.'s Proposed Am. Compl. 5, ECF No. 17-2.

8

violation of 15 U.S.C. § 1681n and § 1681o.[22] Under the FCRA, "[a] private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute."[23] The Magistrate held that Tyree failed to allege in his proposed amended complaint that U.S. Bank was notified of a dispute by a credit reporting agency and that Tyree's own alleged contact with U.S. Bank was not sufficient to obligate U.S. Bank to conduct an investigation under 15 U.S.C. § 1681s-2(b).[24] Thus, the amendment was futile.

In his objection, Tyree points to an exhibit attached to his proposed amended complaint and then concludes that "Defendant also received notice from one or more of the three major credit reporting agencies[,] Transunion."[25] But this is found nowhere in Tyree's proposed amended complaint. Furthermore, the exhibit to which Tyree alludes does not state, in any form or fashion, that a consumer reporting agency provided any notice of a dispute.[26] The Magistrate correctly determined that a claim under the FCRA would be futile.

---

[22] *Id.* at 6.

[23] *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("[The plaintiff's] allegations that he directly informed Citibank and GEMB did not obligate them to investigate. . . . Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint." (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615–16 (6th Cir. 2012))).

[24] *See Westbrooks v. Fifth Thrid Bank*, No. 05-0664, 2005 U.S. Dist. LEXIS 45078, at *11 (M.D. Tenn. Nov. 30, 2005) ("Notification from a consumer is insufficient." (citing *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851 (6th Cir. 2004)).

[25] Pl.'s Objs. to Magistrate's Order Denying Pl.'s Mot. for Leave to File Am. Compl. 7, ECF No. 22.

[26] *See Brown*, 507 F. App'x at 547; *see also* 15 U.S.C. § 1681i.

**B. Tennessee Consumer Protection Act**

The Tennessee Consumer Protection Act ("TCPA") is intended to "protect consumers and legitimate business enterprises form those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce."[27] The TCPA creates a cause of action for any person who suffered loss of money or property as a result of another person's use of an unfair or deceptive act or practice.[28] Tyree assets that "Defendants [sic] intentional acts of providing multiple erroneous, fabricated amounts allegedly due and owing constitutes an intentional, willful violation of the act."[29] Tyree asserts that "Defendants are alledgely [sic] doing a foreclosure action but Plaintiff see [sic] it as a debt collection action,"[30] and he attached ten exhibits to his proposed amended complaint.[31] The Magistrate correctly found, despite Tyree's belief, that the exhibits show that the collection efforts arise in the context of a foreclosure proceeding. The letters state that Tyree's property is to be sold at a foreclosure sale because of default under the terms of the mortgage securing a loan.

The TCPA does not apply to foreclosure proceedings: "courts have consistently held that a lender's actions for foreclosure *and debt collection* . . . are not covered under the TCPA."[32] As

---

[27] Tenn. Code Ann. § 47-18-102(2).

[28] *Id.* § 47-18-109.

[29] Pl.'s Proposed Am. Compl. 6. The Court notes that the letters clearly explain that amounts may change over time due to the accrual of interest.

[30] *Id.* at 3.

[31] Six of the letters are letters from Wilson & Associates, a non-party to this action; three are from Tyree to Wilson & Associates; and one is from Tyree to U.S. Bank.

[32] *Pugh v. Bank of Am.*, No. 13-2020, 2013 U.S. Dist. LEXIS 92959, at *7–8 (W.D. Tenn. July 2, 2013) (emphasis added) (citing *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841–42 (Tenn. 1996)); *see also Harris v. LNV Corp.*, No. 12-0552, 2014 U.S. Dist. LEXIS 90298, at *23

described above, Tyree makes no factual allegation that U.S. Bank is a "debt collector" as defined by the FDCPA. Similarly, he makes no factual allegation that U.S. Bank is not a "lender" acting to foreclose or collect debt under the TCPA. Thus, the Magistrate correctly determined that Tyree's TCPA claim would be futile.

### C. Negligent, Wanton and/or Intentional Hiring and Supervision of Incompetent Employees or Agents

Tyree alleged in his proposed amended complaint that

> Defendant "U.S. BANK, NA" was aware of their [sic] wrongful conduct in creating an alleged debt Plaintiff is not obligate [sic] to, or are [sic] not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection agency to whom they [sic] sold the alleged debt to or who are involved in debt collection against the Plaintiff. Defendant "U.S. BANK, NA." negligently[,] wantonly, and/or intentionally hired, trained[,] retained or supervised incompetent debt collector in defendant "JOHN DOES 1–5[,]" whom [sic] were allowed, or encouraged to violate the law as was done to the Plaintiff. Defendant "JOHN DOES 1–5" is therefore responsible and liable to the Plaintiff for the wrongs.[33]

The Magistrate correctly set forth the law on Tennessee's cause of action for negligent hiring, supervision, and retention, and then determined that "there are no allegations, factual or otherwise, of the elements of a negligence claim in Tyree's proposed amended complaint."[34] Tyree did not identify any employee of U.S. Bank who engaged in negligent activity, and he does not allege any facts showing that U.S. Bank knew of some employee's unfitness. Instead,

---

(M.D. Tenn. June 12, 2014) ("Initiation of foreclosure proceedings shelters lenders and their agents from liability under the TCPA" (citing *Pugh*, 2013 U.S. Dist. LEXIS 92959, at *7–8)); *Peoples v. Bank of Am.*, No. 11-2868, 2012 U.S. Dist. LEXIS 22208, at *9 (W.D. Tenn. Feb. 22, 2009).

[33] Pl.'s Proposed Am. Compl. 7.

[34] Magistrate's Order Denying Pl.'s Mot. for Leave to File Am. Compl. 11, ECF No. 21.

11

he offers a general allegation that U.S. Bank encouraged unnamed employees and agents violate the law. The Magistrate denied the claim as futile, and this Court adopts her reasoning.

### D. FDCPA

In his proposed amended complaint, Tyree still makes no factual allegations as to whether U.S. Bank is a debt collector rather than a creditor under the FDCPA. Instead, he states that "Defendants are not creditors pursuant to 15 U.S.C. § 1692a(4)."[35] The letters that Tyree attached to his proposed amended complaint are from Wilson and Associates,[36] a non-party law firm. They show that Wilson and Associates was attempting to collect a debt in a foreclosure proceeding against Tyree. They do not present any allegation that U.S. Bank is a debt collector rather than a creditor. Once again, the proposed amended complaint cannot survive a motion to dismiss with a simple recitation that U.S. Bank is a debt collector with respect to the debt at issue. Thus, the proposed amended complaint is futile as to Tyree's FDCPA claim against U.S. Bank.

### CONCLUSION

For the reasons stated above, the Court **ACCEPTS** the Magistrate's Report and Recommendations to grant the Defendant's Motion to Dismiss the Plaintiff's Complaint. Furthermore, the Court **DENIES** Tyree's Objections to the Magistrate's Order Denying

---

[35] Pl.'s Proposed Am. Compl. ¶ 10.

[36] Wilson and Associates is not a party to this lawsuit, and in his proposed amended complaint, Tyree does not add Wilson and Associates as a party in the caption of his amended complaint. Neither does he include Wilson and Associates as a party in a section captioned "The Parties," despite his apparent knowledge—from letters received—of Wilson and Associates' involvement. He refers to "Defendants" but does not state that any claims are actually brought against Wilson and Associates rather than U.S. Bank. Furthermore, from the language of the Complaint and proposed amended complaint, it is unclear whether Tyree refers to U.S. Bank as a singular or somehow plural entity.

Plaintiff's Motion for Leave to File Amended Complaint. The additional allegations against U.S. Bank would be futile. The Plaintiff's claims are **DISMISSED**.

    **IT IS SO ORDERED.**

                                   **s/ S. Thomas Anderson**
                                   S. THOMAS ANDERSON
                                   UNITED STATES DISTRICT JUDGE

                                   Date: January 6, 2015.